IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Amul Ramesh Patel, | ) | Case No. 7:25-cv-06898-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David James Green, Sydney Alexandra Tyson, Kevin Cochran, Wellford Police Department, City of Wellford, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

    This matter is before the Court upon Plaintiff's complaint alleging violation of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On the same day that Plaintiff initiated this action, he filed a motion for temporary restraining order ("TRO") and for preliminary injunction. ECF No. 5. On July 11, 2025, the Magistrate Judge issued a Report ("the First Report") recommending that the motion be denied. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report and a letter. ECF Nos. 12, 14. On September 4, 2025, the Magistrate Judge issued a Report ("the Second Report") recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 19. The Magistrate Judge advised Plaintiff of the procedures and requirements for

filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections and the time in which to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Second Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Accordingly, this action is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process. Thus, the Court finds that the motion for TRO and for preliminary injunction [5] is **MOOT**.[1] *See Darouse v. Gill*, No. 23-

---

[1] Alternatively, upon de novo review of motion, the First Report, the objections, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge and finds that Plaintiff has failed to establish a likelihood of success on the merits or a

1602, 2025 WL 671468, at *1 (4th Cir. Mar. 3, 2025); *Davis v. Ratledge*, No. 5:25-CV-113-D, 2025 WL 1840724, at *1 (E.D.N.C. July 3, 2025).

    IT IS SO ORDERED.

                                          s/ Donald C. Coggins, Jr.
                                          United States District Judge

October 22, 2025
Spartanburg, South Carolina

---

likelihood of irreparable harm.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

3